**NOT FOR PUBLICATION**

RECEIVED

APR 17 2014

AT 8:30_____M
WILLIAM T. WALSH CLERK

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DR. BRIAN M. TORPEY, M.D., as designed and authorized representative of A.N., | : : : | |
| Plaintiff, | : : | Civil Action No. 13-3853 |
| v. | : : | **OPINION** |
| ANTHEM BLUE CROSS BLUE SHIELD OF CALIFORNIA and ELIZABETHTOWN GAS, | : : : | |
| Defendants. | : : | |

PISANO, District Judge

Plaintiff Dr. Brian M. Torpey, M.D., brings this action against Anthem Blue Cross Blue Shield of California ("Anthem") and AGL Resources, Inc. ("AGL"),[1] claiming entitlement to benefits and a failure to provide a full and fair review of the denied claims under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(a)(1)(B), 1133 [ECF No. 1]. Defendant AGL moves to dismiss the complaint as untimely [ECF No. 9]. Plaintiff opposes this motion. The Court decides these matters without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will grant AGL's motion to dismiss.

### I.   Background

Plaintiff Dr. Brian M. Torpey is an orthopedic surgeon licensed to practice medicine in New Jersey. On or about April 25, 2011, Plaintiff performed medical services to patient A.N. who, at the time the services were performed, was a beneficiary of a health benefits plan "directly insured and/or administered by Anthem and/or [Elizabethtown Gas]." *See* Compl. ¶¶

---

[1] AGL has been incorrectly sued as "Elizabethtown Gas."

10, 14, 32. The health benefits plan (hereinafter, the "Plan") of which A.N. is a beneficiary is sponsored by AGL Resources, Inc., a private employer, and governed by ERISA. *See* Compl. ¶ 18; Declaration of Trisha V. Feely ("Feely Decl.") ¶ 2; Feely Decl. Ex. A. A.N. is a beneficiary of L.N., who is a participant in the Plan by virtue of employment with Elizabethtown Gas, a subsidiary of AGL Resources, Inc. *See* Feely Decl. ¶ 2; Feely Decl. Ex. A.

Plaintiff does not allege that he has a contract with the Plan to provide health care services to either participants or beneficiaries of the Plan, which means he is an "out-of-network provider." *See* Compl. ¶ 33. Instead, Plaintiff alleges that he received from A.N. a certain "Authorization and Assignment," which includes the right to bring appeals and actions on behalf of A.N. It also provided that Plaintiff "may receive all the benefits of Patient A.N.'s policy."[2] Compl. ¶¶ 38-39. Plaintiff alleges that he consequently billed Anthem on or about June 9, 2011 in the amount of $45,021.00 for his medical services performed to A.N. On or about July 20, 2011, Anthem paid to A.N. $2,582.02, which A.N. gave to Plaintiff in accordance with the Authorization and Assignment.

On or about September 27, 2011, Plaintiff submitted a First Level Appeal seeking to recover the remainder of his claim, an additional amount totaling $42,438.98. On or about October 19, 2011, Plaintiff received a response to his appeal, in which the original claims determination was upheld. Plaintiff alleges that this letter "is wholly inadequate in that it failed to comply with 29 C.F.R. 2560.503-1(g)." Compl. ¶ 49. On or about April 19, 2012,[3] Plaintiff

---

[2] The issue of whether Plaintiff has the right to bring this claim as L.N.'s alleged "designated and authorized representative" has not yet been briefed by the parties. AGL does not concede that the purported assignment of benefits is valid, and has reserved the right to challenge Plaintiff's standing to bring suit in this action. *See* Def.'s Reply Br. at 5 n.2.

[3] The Complaint states that Plaintiff sent out the second appeal on March 14, 2012. In his Opposition, Plaintiff alleges that the second appeal was filed on April 12, 2012. Because the April 12, 2012 date corresponds with the date on the attached appeal letter, *see* Declaration of Debbie Urcinole ("Urcinole Decl.") Ex. D, the Court will use this date. *See Warburton v. Foxtons, Inc.*, Civil Action No. 04-2474, 2005 U.S. Dist. LEXIS 39615, at *10 (D.N.J. June 13, 2005) (citing *Genesis Bio-Pharm., Inc. v. Chiron Corp.*, 27 F. App'x 94, 99-100 (3d Cir. Jan. 10, 2002))

filed a Second Level Appeal, and also requested "all documentation Defendants used in making

its compensation decisions, including a copy of Patient A.N.'s [summary plan description] and

other information."  Compl. ¶ 52.  On or about March 27, 2013, the second level appeal was

denied on the basis that "the appeal had not been filed in a timely manner."  Compl. ¶ 53.

Plaintiff alleges that he has never been provided any documentation, including a copy of the

summary plan description ("SPD").[4]

On June 21, 2013, Plaintiff filed this action, seeking reimbursement of the remaining

$42,438.98 of his claim made to Anthem for medical services rendered to A.N.  Specifically,

Plaintiff brings a claim to recover benefits under ERISA § 502(a)(1)(B), 29 U.S.C. §

1132(a)(1)(B), and a claim for full and fair review under ERISA § 503, 29 U.S.C. § 1133.[5]

Defendant AGL has moved to dismiss these claims, arguing that the claims are untimely due to

the expiration of the contractual limitations period.  The Court addresses this argument below.

## II.    Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint

"for failure to state a claim upon which relief can be granted."  When reviewing a motion to

dismiss, courts must first separate the factual and legal elements of the claims, and accept all of

---

(explaining that a court need not accept allegations as true that are contradicted by the documents upon which a party's claims are based).
[4] In the Complaint, Plaintiff alleges that his second level appeal that he sent on March 14, 2012 was denied on March 27, 2012.  He also alleges that he filed a subsequent, third appeal to Anthem on or about April 19, 2012, in which he also requested information and documentation related to the claim.  In his Opposition, Plaintiff has stated that he filed a second level appeal which was denied a year later on March 27, 2013.  He attaches to the Declaration of Debbie Urcinole the corresponding letter that indicates that this second appeal was denied on March 27, 2013.  Neither the Opposition nor the corresponding documents reference any third appeal, and practical sense dictates that no such third appeal could have been filed on April 19, 2012 if that is when he filed his second appeal.  Therefore, because a court need not accept allegations as true that are contradicted by the documents upon which a party's claims are based, this Court will, for the purposes of this motion, assume that Plaintiff filed his second level appeal on April 19, 2012, and that this appeal was subsequently denied on March 27, 2013.  *See Warburton*, 2005 U.S. Dist. LEXIS 39615, at *10.
[5] Plaintiff's Complaint includes a third count for failure to provide documentation under 29 U.S.C. § 1132(c)(1)(B). In his Opposition, Plaintiff has agreed that this count must be dismissed.  *See* Opp. at 1 n.1.  Therefore, Count III will be dismissed.

3

the well-pleaded facts as true. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). All reasonable inferences must be made in the Plaintiff's favor. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010).

In order to survive a motion to dismiss, the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This standard requires the plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). When assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Any legal conclusions are "not entitled to the assumption of truth" by a reviewing court. *Id.* at 679. Rather, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id. See also Fowler*, 578 F.3d at 210 (explaining that "a complaint must do more than allege a plaintiff's entitlement to relief").

A statute of limitations defense may appropriately be raised in a motion to dismiss under Fed. R. Civ. P. 12(b)(6) under the law of this Circuit (the so-called "Third Circuit Rule"). Such a defense, however, may only be raised by a 12(b)(6) motion "if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002). "If the [statutory] bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978). *See also*

4

*Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994) ("While the language of Fed. R. Civ. P. 8(c) indicates that a statute of limitations defense cannot be used in the context of a Rule 12(b)(6) motion to dismiss, an exception is made where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading.").

Generally, the Court's task in assessing a motion to dismiss requires it to disregard any material beyond the pleadings. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). A district court may, however, consider the factual allegations within other documents, including those described or identified in the Complaint and matters of public record, if the plaintiff's claims are based upon those documents. *See id.* at 1426. Accordingly, in resolving this motion, the Court shall consider the exhibits attached to the Declaration of Trisha V. Feely ("Feely Decl."), the exhibits attached to the Certification of Debbie Urcinole ("Urcinole Cert."), and the exhibits attached to the Declaration of Sharon Mos ("Mos Decl."), all of which form the basis of Plaintiff's claims, and are referenced directly in the Complaint. Neither party disputes the authenticity of these exhibits.

## III.    Discussion

Defendant AGL has moved to dismiss Plaintiff's claims as untimely. Specifically, it argues that Plaintiff's claims are barred by the one-year contractual statute of limitations. In his Opposition, Plaintiff does not dispute that a one-year statute of limitations applies, but rather argues that the claim should be equitably tolled because Defendant failed to provide Plaintiff with notice of his right to bring suit under ERISA, pursuant to certain ERISA regulations.

When there is no controlling federal statute, courts apply the federal "discovery rule" to determine the accrual date of a federal claim; that is, the statute of limitations on a federal claim

"begins to run when a plaintiff discovers or should have discovered the injury that forms the basis of his claim." *Miller v. Fortis Benefits Ins. Co.*, 475 F.3d 516, 520 (3d Cir. 2007). "In the ERISA context, the discovery rule has been 'developed' into the more specific 'clear repudiation' rule whereby a non-fiduciary cause of action accrues when a claim for benefits has been denied." *Id.* at 520. The clear repudiation rule does not require a formal denial of a claim for benefits; rather, the claim accrues when there is a "repudiation of the benefits by the fiduciary which was clear and made known to the beneficiary." *Id.* at 520-21 (citing *Romero v. Allstate Corp.*, 404 F.3d 212, 222-23 (3d Cir. 2005)). "Except in limited circumstances that are not alleged here, a federal court will not entertain an ERISA claim unless the plaintiff has exhausted the remedies available under the plan." *Weldon v. Kraft, Inc.*, 896 F.2d 793, 800 (3d Cir. 1990) (citing *Wolf v. National Shopmen Pension Fund*, 728 F.2d 182, 185 (3d Cir. 1984)).

L.N., as a Plan participant, received a copy of the Benefits Booklet (the "Booklet"), which describes the health care benefits provided to participants and their dependents under the Plan, and also describes the terms, conditions and exclusions of the Plan. As such, the Booklet details the procedures for submitting a benefits claim and appealing an adverse benefits decision. Specifically, Plan provides that there is a single mandatory level of appeal and an additional voluntary second level of appeal. Following an adverse benefit determination, a participant must file an appeal within 180 calendar days after a participant is notified of the denial. Feely Decl. Ex. A at 40. The claims administrator is required to issue a written decision within 60 days of the receipt of a written request for an appeal. If the participant chooses to engage in a voluntary appeal, the voluntary appeal "must be submitted within 60 calendar days of the denial of the first level appeal." Feely Decl. Ex. A at 42. Under the Plan, a participant "must exhaust the Plan's internal Appeals Procedure but not including any voluntary level of appeal, before filing a

6

lawsuit or taking other legal action of any kind against the Plan." *Id.* A participant must file a lawsuit or other legal action within one year of the final determination of the claim by the Claims Administrator. *See id.* The Booklet further explains that "[if] the Plan decides an appeal is untimely, the Plan's latest decision on the merits of the underlying claim or benefit request is the final decision date." *Id.*

Here, there is no disagreement that a one-year contractual statute of limitations applies. *See* Feely Decl. Ex. A at 42. Plaintiff has alleged that he submitted a claim to the Defendants on or about June 9, 2011 in the amount of $45,021.00 for medical services provided to the beneficiary. On or about July 21, 2011, Defendant made an adverse benefit determination of Plaintiff's claim by making a payment in the amount of $2,582.02, an amount that represented less than 6% of the submitted claim. On or about September 27, 2011, Plaintiff submitted a First Level Appeal. Thereafter, Plaintiff received an appeal denial letter on or about October 19, 2011. Under the terms of the Plan, a beneficiary must file a lawsuit within one year of the final determination of the claim. Consequently, here, Plaintiff's claims accrued, at the latest,[6] when he received the appeals denial letter on October 19, 2011. Therefore, the statute of limitations on Plaintiff's ERISA claims expired as of October 19, 2012.

---

[6] As discussed, an ERISA claim generally accrues when there has been a "clear repudiation." Here, Defendant AGL argues in its moving brief that the claim accrued when the claims administrator made a partial payment to the beneficiary on July 20, 2011. See Compl. ¶¶ 43-45. The Court agrees that Plaintiff's receipt of a payment for a claim that represented less than 6% of the submitted claim constituted a repudiation of his alleged right to greater payment under the Plan. This repudiation should have been clear to him based upon initial receipt in July 2011. Plaintiff has provided no basis for any inference that the repudiation was unclear to him at that time. *See Miller*, 475 F.3d at 522. Plaintiff, however, appears to argue that the claim did not accrue until after the administrative process had been exhausted. The Third Circuit, however, has rejected an argument that a plaintiff's claim did not accrue until after he received the formal denial of his administrative claim under *Miller*. *See Dix v. Total Petrochemicals USA, Inc.*, 540 F. App'x 130, 133 (3d Cir. 2013). In their Reply, however, Defendant AGL appears to now assume that the accrual date was October 19, 2011. *See* Def.'s Reply Br. at 6. The Court need not decide which approach is technically correct, because under either approach (and as Plaintiff himself appears to concede), Plaintiff's claims are untimely. To determine when the claim accrued would be "an unnecessary exercise insofar as [its] resolution would have no effect on the result" when determining whether or not to apply equitable tolling. *See Veltri v. Bldg. Serv. 32b-J Pension Fund*, 393 F.3d 318, 325 (2d Cir. 2004).

Plaintiff argues, however, that his ERISA claims are timely under the principal of equitable tolling. Equitable tolling operates "to stop the statute of limitations from running where the claim's accrual date has already passed." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994). Application of equitable tolling demands "extraordinary circumstances." *Dix v. Total Petrochemicals USA, Inc.*, 540 F. App'x 130, 136 (3d Cir. 2013). Courts may equitably toll a limitations period where the defendant misleads the plaintiff with regards to the plaintiff's cause of action; however, a court will not exercise equitable tolling where a plaintiff could have exercised reasonable diligence and uncovered the relevant facts supporting the cause of action. *See USX Corp. v. Barnhart*, 395 F.3d 161, 171 (3d Cir. 2004) (citing *Forbes v. Eagleson*, 228 F.3d 471, 487 (3d Cir. 2000)); *see also In re Mushroom Transp. Co.*, 382 F.3d 325, 339 (3d Cir. 2004) ("[E]quitable tolling requires the plaintiff to demonstrate that he or she could not, by the exercise of reasonable diligence, have discovered essential information bearing on his or her claim.") (internal quotation omitted).

Here, Plaintiff argues that his ERISA claims should be equitably tolled because Defendant AGL allegedly materially misled him into missing the contractual deadlines under the Plan for filing a lawsuit. Specifically, Plaintiff argues that Defendant AGL failed to provide adequate notice of Plaintiff's right to bring suit under ERISA and the time frame for doing so, as required under federal regulations and the terms of the Plan, and therefore the limitations period should be equitably tolled. *See* Opp. Br. at 9-10 (citing *Ortega Candelaria v. Orthobiologics LLC*, 661 F.3d 675, 680-81 (1st Cir. 2011) (applying equitable tolling where defendant "was required by federal regulation to provide [plaintiff] with notice of his right to bring suit under ERISA, and the time frame for doing so, when it denied his request for benefits," but failed to do so); *Veltri*, 393 F.3d at 324-25 (finding equitable tolling is "appropriate where defendants fail to

8

comply with the regulatory requirement that they provide notice to beneficiaries of the right to

bring an action in court challenging a denial of benefits"). Plaintiff emphasizes that, under

ERISA regulations, an adverse determination must include:

(1)     The specific reason or reasons for the adverse determination;
(2)     Reference to the specific plan provision on which the benefit determination is
        based;
(3)     A statement that the claimant is entitled to receive, upon request and free of
        charge, reasonable access to, an copies of, all documents, records, and other
        information relevant to the claimant's claim for benefits. . .; [and]
(4)     A statement describing any voluntary appeal procedures offered by the plan and
        the claimant's right to obtain the information about such procedures described in
        paragraph (c)(3)(iv) of this section, and a statement of the claimant's right to bring
        an action under section 502(a) of the Act. . . .

29 C.F.R. § 2560.503-1(j). ERISA regulations also mandate that plan administrators must

provide "[a] description of the plan's review procedures and the time limits applicable to such

procedures, including a statement of the claimant's right to bring a civil action under section

502(a) of the Act following an adverse benefit determination on review. . . ." *Id.* at § 2560.503-

1(g)(iv).

The crux of Plaintiff's argument relies primarily on his allegation that the appeal

determination that he received a copy of on or about October 19, 2011 did not contain all the

necessary information mandated under ERISA regulations. He further alleges that the other

documentation he requested in connection with the benefit determination, including a copy of the

Plan, was never provided to him. Plaintiff claims that Defendant AGL was "legally bound to

provide such information, including notice of Plaintiff's right to sue or the one-year time frame

in its written rejection of Plaintiff's claim." Opp. Br. at 11. Because the most analogous state

statute of limitations to Plaintiff's claims would be New Jersey's six-year statute of limitations

for breach of contract suits, Plaintiff argues that Defendant's failure to provide him with this

documentation made it reasonable for him "to believe he had more time than he was afforded

9

under the plan and [he] was essentially mislead by the Defendants into assuming a fact that was incorrect." *Id.*

In support of this argument, Plaintiff has supplied an alleged copy of the appeal denial letter, consisting of a single page, numbered "3." *See* Urcinole Cert. Ex. C. In its Reply, Defendant AGL supplies the entirety of the appeal denial letter, which upholds the determination of Plaintiff's claim for services rendered to A.N. *See* Mos Decl. Ex. A. A review of the full letter reveals that each of the required categories of information under the ERISA regulations was addressed. For example, it states that the adverse determination was made because the claim had been processed at the highest benefit level available because the Plan "does not provide coverage for charges over the Default Reimbursement Rate (DDR)." It also explains that the beneficiary may be responsible for this difference between the billed amount and the DDR amount because Plaintiff was an out-of-network provider. It makes reference to the Plan provision on which this benefit determination was based, as it refers the beneficiary to the "Limitations and Exclusions" section of the Medical Benefits Booklet and explains that it is the member's responsibility to access providers in network. It explains that the beneficiary was entitled to receive reasonable access to and copies of all documents relevant to the adverse determination upon written request. Finally, it includes a statement of the beneficiary's right to voluntary request a final internal review or to engage in other voluntary alternative dispute resolution options, as well as a statement of the beneficiary's right to bring a civil action in federal court and when this right to bring suit could be exercised. *See* Mos Decl. Ex. A at 3-4.

Therefore, while Plaintiff claims that Defendant's explanation of benefits is "completely devoid of any meaningful information that could be said to substantially comply with these requirements," the Court disagrees, and finds that Defendant AGL substantially complied with

the ERISA regulations in the complete appeal denial letter. *See* Opp. Br. at 7.  AGL clearly

explained the basis for its adverse determination, made the beneficiary aware of her other appeal

options and her right to bring a civil action, alerted the beneficiary of when she was able to bring

a civil action, and provided the beneficiary with access to her claim file or other relevant

documentation upon written request.  This notification was, at the very least, in substantial

compliance with the governing ERISA regulation.  The only possible short-coming is the failure

to include the one-year time frame for bringing suit after a final determination of the claim.

Considering, however, that the letter did inform the beneficiary of her right to bring a civil action

and when she could bring a civil action and that the Plan Booklet clearly and plainly articulated

the contractual limitation period (and that there is no allegation that the beneficiary did not have

a copy of this Plan), it would be a stretch to find that AGL either failed to provide notice to the

Plaintiff of his right to bring suit, or that AGL had materially mislead the beneficiary into

missing the limitations period with its failure to include the one-year time limitation in the denial

letter.  Because "[a]n administrator need only 'substantially comply' with the foregoing

regulation," AGL's letter was sufficient to discharge its obligations under the ERISA regulations.

*Kao v. Aetna Life Ins. Co.*, 647 F. Supp. 2d 397, 411 (D.N.J. 2009) (quoting *Mazur v. Hartford

Life & Accident Co.*, Civil Action No. 06-01045, 2007 U.S. Dist. LEXIS 99927, at *37-38 (W.D.

Pa. Nov. 8, 2007)).

     Further, Plaintiff has failed to show that he exercised reasonable diligence in attempting

to uncover the relevant facts of his cause of action.  While it may be true that Plaintiff was never

provided a copy of the Plan, despite his requests, it does not follow that Plaintiff had no way of

discovering the shorter contractual limitation period.  Primarily, Plaintiff could have, quite

easily, requested information about the Plan from the assigning beneficiary.  Plaintiff does not

attempt to argue that L.N. had never received a copy of the Plan, and this Court does not believe it is inequitable to apply the Plan's internal limitations period to someone who had the ability to learn of it. *See Ortega Candelaria*, 661 F.3d at 680 (citing *I.V. Servs. of Am.*, 182 F.3d at 54). Furthermore, despite the appeal determination letter informing Plaintiff of his right to file a lawsuit and of his right to obtain certain documentation pertaining to the claim denial, Plaintiff did not make a request for any relevant documentation until, at the earliest, March 14, 2012— approximately five months later.[7] Plaintiff did not file a second appeal until April 19, 2012, six months after receiving notice of the appeal denial and untimely by four months. While equitable tolling does not require "maximum feasible diligence," *Ortega Candelaria*, 661 F.3d at 681 (quoting *Holland v. Florida*, 560 U.S. 631, 653 (2010)), it does require a party to show that the information could not have been found by reasonable and timely diligent inquiry. Plaintiff cannot ask this Court to equitably toll his limitations period when he has failed to show reasonable diligence in his efforts to discover the relevant facts for his underlying claims.

This case is markedly different from *Ortega Candelaria*, on which Plaintiff primarily relies. In *Ortega Candelaria,* the defendant "did not include notice of either the right to sue or the one-year time frame in its written rejection of [the plaintiff's] claim." 661 F.3d at 680. Significantly, the plan participant was not aware of the fact of the fact that there were a contractual limitations period in which a claim must be brought, because the plan documents he was provided did not include a contractual limitations period. A week after he received his copy of the plan documents, the defendant amended its plan to include a one-year limitations period, but "never informed [the plaintiff] of the one-year limitation—in the benefit determination notification or elsewhere." *Ortega Candelaria*, 661 F.3d at 681. The *Ortega Candelaria* Court

---

[7] In his Opposition, Plaintiff states only that he requested documents on or about April 19, 2012, when he filed his second level appeal. The attached letter, however, indicates that Plaintiff had requested the documents on March 14, 2012 as well. Plaintiff also alleged in his Complaint that he made such a request on March 14, 2012.

stressed that this lack of <u>any</u> notice to the plaintiff of the "drastically reduced limitations period"

left plaintiff with the reasonable impression that he had fifteen years to file suit, and that his

"misimpression was not the result of any lack of diligence on his part." *Id.* Because the plaintiff

had no notice of the limitations period in a notification letter or in his plan documents, and did

discover the change in the limitations period despite exercising reasonable diligence, equitable

tolling was justified. Conversely, here, the Plan documents clearly stated the contractual

limitations period, and there is no allegation that the beneficiary did not have a copy of the Plan

documents. There was no change to the contractual limitations period, nor were there any

changes to the Plan more generally. Further, the appeal determination letter clearly indicated the

right to bring a civil action and when such a civil action could be filed. Here, Plaintiff had notice

of his claim accrual and could have, with reasonable diligence, discovered the relevant

provisions in the Plan document.

Rather, the Court agrees with Defendant that this case is more like *I.V. Servs. of Am., Inc.

v. Inn Dev. & Mgmt., Inc.*, 182 F.3d 51, 57 (1st Cir. 1999). There, the First Circuit affirmed a

decision not to equitably toll a limitation period, even though the claim denial failed to

completely comply with the ERISA notice regulations. The Court there found it "critical" that

the claimant (who, like here, claimed the right to bring an ERISA claim by way of an assignment

form) knew of the accrual of its cause of action "regarding the denial of its claim for

reimbursement. The technical defect in the letter denying the claim in no way altered this critical

fact." *Id.* Specifically, when the claimant received the letter explaining why its claim for benefits

had been denied, the claimant was aware that their cause of action accrued. Here, Plaintiff

likewise received the final determination notice in October of 2011, which alerted him to the

denial of his appeal for benefits and explained why his claim was denied. Regardless of any

"technical defect" in the letter denying his claim, Plaintiff knew at this point that he had a cause of action regarding the denial of his claim—and in fact, the letter expressly alerted Plaintiff that he had the ability to bring a civil claim. "[A] plaintiff who has actual knowledge of the right to bring a judicial action challenging the denial of her benefits may not rely on equitable tolling notwithstanding inadequate notice from her pension plan." *Veltri*, 393 F.3d at 326.

By Plaintiff's own admission, the doctrine of equitable tolling "is an extraordinary measure and is invoked sparingly." Opp. Br. at 8. Here, Plaintiff has failed to prove that the Court should invoke the doctrine. Plaintiff argues that AGL materially misled him by providing him with an explanation of benefits that was "completely devoid of any meaningful information" regarding the right to sue or the contractual limitations period, thereby causing him to miss the limitation period. This argument, however, is refuted by the actual appeal determination letter, which substantially complies with the ERISA regulations. Plaintiff has failed to establish that extraordinary circumstances exist here, and, as discussed above, if he had exercised reasonable diligence he would have discovered he had to bring his cause of action within one-year of a final appeals determination. Therefore, this Court will not equitably toll Plaintiff's claims. Because Plaintiff's claims expired as of October 19, 2012 and Plaintiff did not bring this action until July 21, 2013, Plaintiff's claims against are untimely and the Court must dismiss Plaintiff's claims against AGL with prejudice.

**IV.   Conclusion**

For the reasons stated above, AGL's Motion to Dismiss is granted, and Plaintiff's claims against AGL will be dismissed with prejudice. An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: April 16, 2014

14